UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARTIER BURKHALTER, )
 )
 Plaintiff, )
 )
 vs. ) Case No. 4:04CV1803-DJS
 )
LINDQUIST & TRUDEAU, INC., )
 )
 Defendant. )

## ORDER

Plaintiff Cartier Burkhalter brings the instant action alleging that defendant Lindquist & Trudeau, Inc., a collection agency, has engaged in unlawful debt collection practices with respect to a consumer debt that had been discharged in bankruptcy proceedings. Count One of the complaint asserts a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Count Two asserts that defendant's conduct constitutes an invasion of plaintiff's privacy rights under the common law of Missouri. In Count Three, plaintiff asserts that defendant negligently and recklessly failed to train and supervise its collectors on the FDCPA "as it relates to communications with consumers." Complaint [Doc. #1], ¶36, p.7. Now before the Court is defendant's motion to dismiss and motion to strike.

Defendant first argues that Count I is subject to dismissal for failure to state a claim and for lack of subject matter jurisdiction. More specifically, defendant contends that such a claim under the FDCPA is precluded by 11 U.S.C. §524 of the

bankruptcy code because the sole remedy for any alleged wrongful collection of a debt discharged in bankruptcy is a contempt proceeding under the bankruptcy act. In support of this proposition, defendant relies upon the Ninth Circuit's decision in <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502, 511 (9th Cir. 2002) ["Because Walls's remedy for violation of §524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded."] More recently, in 2004, the Seventh Circuit addressed an analogous issue and held to the contrary, in <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726 (7th Cir. 2004). Considering the bankruptcy stay's automatic stay provision, 11 U.S.C. §362, and the FDCPA, Judge Easterbrook concluded that the two statutes do not meet the narrow criteria for one federal statute's implied repeal of another. Rather, "the statutes overlap, each with coverage that the other lacks" and that "overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both." <u>Id</u>. at 731. The Eighth Circuit not having addressed the issue, this Court finds more persuasive the detailed analysis of the Seventh Circuit in <u>Randolph</u>, and adopts that rationale and conclusion over the contrary summary treatment of the issue in <u>Walls</u>.

Furthermore, even the application of <u>Walls</u> would not dispose entirely of Count One in this case. In <u>Walls</u>, 276 F.3d at 510, the only species of FDCPA violation alleged was the attempt to collect a debt in violation of the bankruptcy discharge injunction. By contrast, in the instant case, plaintiff alleges other types of

FDCPA violations, such as contacting plaintiff at inconvenient times or places, and engaging in harassing, oppressive or abusive conduct. See, e.g., Complaint [Doc. #1], ¶¶19-24. The holding of Walls, even if followed here, would not be dispositive of these types of FDCPA claims. For all the foregoing reasons, the Court is not persuaded that plaintiff's FDCPA claim in Count One is precluded by any exclusive remedy available under the bankruptcy code.

Next defendant argues that Count One is subject to dismissal because plaintiff's pleading does "not provide the necessary factual basis to state a cause of action." Def. Memo. [Doc. #9], p. 3. The Court disagrees. The cited allegations of plaintiff's complaint, ¶¶21-24, are sufficient to meet the requirements of Fed.R.Civ.P. 8(a) and (e)(1) in that they provide a "short and plain statement of the claim" and are "simple, concise, and direct."

> Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'...This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), *quoting* Conley v. Gibson, 355 U.S. 41, 47-48 (1957). The degree of factual specificity defendant would require, such as allegations as to the time and place of calls, is at odds with federal "notice pleading" standards, and the heightened pleading standard for claims

involving fraud and other special matters under Fed.R.Civ.P. 9 does not apply to plaintiff's FDCPA claims.

Neither is the Court persuaded that the facts are insufficient to state a claim under the FDCPA. On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), it is well established that the Court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure §1216 at 154 (1990). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 159. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hungate v. United States, 626 F.2d 60, 62 (8th Cir. 1981). No such conclusion can be drawn from plaintiff's pleading of Count One, and defendant's motion to dismiss it must be denied.

The same is true of defendant' Rule 12(b)(6) challenge to Counts Two and Three. In support of the privacy claim in Count Two, plaintiff alleges that defendant "undertook and/or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy," and further that the communications "were systematic and continuous in number and made in disregard for

Plaintiff's right to privacy after repeated requests that [defendant] no longer contact him." Complaint [Doc. #1], ¶28. Taking these allegations as true, the Court is unable to conclude that plaintiff could never on such a basis establish a right to relief under Missouri's formulation of the right of privacy, which is violated by intentional and objectively offensive intrusions upon one's solitude or seclusion. Sofka v. Thal, 662 S.W.2d 502, 510 (Mo.banc 1983).

Count Three alleges that defendant "negligently, recklessly and wantonly failed to train and supervise collectors in order to prevent" the conduct alleged in the complaint to be unlawful. Defendant argues that such an allegation fails to state a claim under Missouri law. In response, plaintiff points to case law in Missouri recognizing the existence of the tort of negligent supervision, which cause of action is adequately if minimally stated in Count Three. There may be a dispute in this case as to existence of the duty to use ordinary care to protect plaintiff against unreasonable risks of harm, as necessary to make out a prima facie case of the tort. See, e.g., G.E.T. v. Barron, 4S.W.3d 622, 624 (Mo.App. 1999). That dispute is not properly framed or briefed in defendant's motion so as to allow its determination at this stage of the proceedings.

The final issue raised by the motion to dismiss is the absence of a prayer for relief specific to each count. Plaintiff's complaint pleads Counts One, Two and Three with only a single prayer for relief set forth at the end of the complaint. Because

the prayer repeatedly references the FDCPA, it leaves unclear what relief plaintiff seeks on each of the state law claims. Although the resulting uncertainty does not warrant dismissal of all or any portion of the complaint, the Court will direct plaintiff to file an amended complaint in which each count contains its own prayer for relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or to strike [Doc. #8] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall, within fourteen (14) days of the date of this order, file an amended complaint in which each count contains its own prayer for relief.

Dated this  16th  day of August, 2005.

>     /s/ Donald J. Stohr    
> UNITED STATES DISTRICT JUDGE